IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br><br><br>　　　　　v.<br><br>GILBERT MEDINA,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br><br><br>Case No. 2:06-CR-712 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. Because Defendant is proceeding pro se, the Court reviews his filing liberally.[1]

## I. BACKGROUND

On September 20, 2007, Defendant pleaded guilty to Tampering With a Witness in violation of 18 U.S.C. § 3583(e)(3). Defendant was sentenced to 24-months in custody, 36-months supervised release, a $6,000 fine, and a $100 special assessment. In addition

_____

[1]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

to the standard conditions of supervised release, the Court also imposed several additional conditions, including restrictions on unsupervised contact with persons under 18 years of age. Defendant was released from the custody of the Bureau of Prisons on October 31, 2008, and began his 36-month term of supervised release the same day. Defendant's term of supervised release is scheduled to terminate on October 30, 2011.

## II. DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate the term of supervised release prior to completion of the entire term if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[2]  In making this determination the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[3]

The government was notified of the Motion and has filed an objection based on the nature and circumstance of the original offense as causing fear and concern for the witness.  The government also argues that Defendant's behavior on supervised release, while laudatory, is nothing more that is expected of all defendants on supervised release. Finally, the government argues that there has been no showing of a change of circumstance that would establish that the original term of supervised release is too harsh

---

[2]18 U.S.C. § 3583(e)(1).

[3]*Id*. at § 3583(e) (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

or was inappropriately tailored.[4]  The Court finds that a change of circumstance is not required in order for the Court to grant early termination.  Instead, the Court looks to the applicable factors as set forth above.

The Court has reviewed the docket and the record in this case and has consulted with Defendant's supervising probation officer.  The Court finds as follows: Defendant has paid his fine and special assessment in full.  His urine analysis (UA) samples have been negative for substance abuse.  Defendant has committed no violations of the terms of his supervised release.  Defendant is currently employed.  He is employed in the same field he was in during the offense conduct.

Considering all of the factors, the Court finds that the most relevant are those set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(C), as made applicable by 18 U.S.C. § 3583(e).  Based on the nature and circumstances of the offense, a very serious offense, the history and characteristics of the Defendant, and the other factors, the Court finds that early termination of Defendant's term of supervised release is not in the interest of justice at this time.

III.  CONCLUSION AND ORDER

Based upon the above, it is hereby

---

[4]The government relies on *United States v. Grimaldi*, 482 F.Supp.2d 248 (D. Conn. 2007).

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 29) is DENIED without prejudice and Defendant may re-raise the issue at a later time.

DATED   May 12, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge