IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERT MEDINA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:06-CR-712 TS |

This matter is before the Court on Defendant's Second Motion for Early Termination of Supervised Release. Because Defendant is proceeding pro se, the Court reviews his filing liberally.[1]

I. BACKGROUND

On September 20, 2007, Defendant pleaded guilty to Tampering With a Witness in violation of 18 U.S.C. § 1512. Defendant was sentenced to 24-months custody followed by 36-months supervised release, plus a $6,000 fine and a $100 special assessment.

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

Defendant was released from the custody of the Bureau of Prisons on October 31, 2008, and began his 36-month term of supervised release the same day. Defendant's term of supervised release is scheduled to terminate on October 30, 2011. Defendant's First Motion for Early Termination was filed after 18 months of supervised release on March 31, 2010. It was opposed by the government and was denied without prejudice on May 13, 2010. Defendant has now completed two of the three years of his term of supervised release.

## II. DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate the term of supervised release prior to completion of the entire term if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[2] In making this determination the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[3]

The government was notified of the Motion and, as with the first Motion, has filed an objection based on the nature and circumstance of the original offense. The government argues that Defendant has had no contact with the individuals involved in this matter because of the restraints of the supervised release.

The Court has reviewed the docket and case file and has consulted with

---

[2] 18 U.S.C. § 3583(e)(1).

[3] *Id*. at § 3583(e) (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

Defendant's supervising probation officer. The Court finds as follows: Defendant has paid his fine and special assessment in full. His urine analysis (UA) samples have shown no violation. Defendant has committed no violations of the terms of his supervised release.

Considering all of the factors, the Court agrees with the government that on the specific facts of this case, the factor set forth in § 3553(a)(1), "the nature and circumstances of the offense" weighs against early termination because it ensures a continuation of the no contact condition. The Court therefore finds that early termination of Defendant's term of supervised release is not in the interest of justice at this time.

### III. CONCLUSION AND ORDER

Based upon the above, it is hereby

ORDERED that Defendant's second Motion for Early Termination of Supervised Release (Docket No. 127) is DENIED without prejudice.

DATED November 18, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge